**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SEAN P. KELNER,**

        **Plaintiff,**

    v.                      CASE NO. 10-3127-SAC

**ED HARVIN,**
**et al.,**

        **Defendants.**

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by a person alleging he is presently "confined in the Kansas Sexual Predator Treatment Program" in the Isaac Ray Building at Larned State Hospital, Larned, Kansas. He names as defendants Ed Harvin, Ellis County Sheriff; Andrew Bauch, Assistant Kansas Attorney General; and Judge Thomas Toepfer, Ellis County District Court.[1]

## ALLEGATIONS AND CLAIMS

As supporting facts, plaintiff alleges as follows. In August 2009, he was placed in the Ellis County Jail and detained there for trial proceedings pursuant to the Kansas Sexually Violent Predator Act (KSVPA). He remained at the jail for 190 days[2], and was housed in general population under the same conditions as criminal inmates. He was not able to seek release on bond, and was not afforded the same treatment that already-committed Sexually Violent Predators

---

[1] Plaintiff refers to two others as defendants in the body of his complaint. However, since Stephen Six and "Ellis County District Court" are not named as defendants in the caption, the court finds they have not been properly named and currently are not defendants in this case.

[2] Plaintiff's allegations presented as "background" for his case differ in that he alleges he was "unlawfully held in the County Jail for over a year."

(SVPs) were afforded. He alleges that defendant Judge Toepfer ordered the illegal confinement at the request of the Office of the Kansas Attorney General.

Plaintiff asserts that his rights under the Fourteenth Amendment in general, the Equal Protection Clause, statutes in the Kansas Sexually Violent Predator Act, and a few cited cases have been violated. He claims that "the laws in Kansas clearly establish that law enforcement officers in Kansas are not to place civil commitments" or those being tried for civil commitment in a non-medical facility used for the detention of persons charged with or convicted of crimes, and that defendants have violated this law. He asks this court to declare that his confinement in the Ellis County Jail was illegal and violated his legal and civil rights, and that "the base requirements" under the KSVPA were violated. He also seeks compensatory and punitive damages.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff seeks leave to proceed without prepayment of fees.[3] However, in his affidavit he does not answer questions regarding employment, assets, or any and all financial accounts in his name. The court finds his financial affidavit is incomplete, and is therefore not adequate to entitle him to leave to proceed in forma pauperis. He will be given time to file an amended motion on forms provided by the court in which he responds to all questions.

---

[3] Plaintiff mentions sealing of his in forma pauperis affidavit and titles his affidavit as in support of motion for appointment of counsel. However, he has not filed motions to seal any document or for appointment of counsel. The court will make no ruling on either of these matters unless a separate proper motion is filed.

2

Plaintiff's Motion to Appoint Marshal to Serve is premature and unnecessary, and is denied without prejudice. The court will automatically order service of summons, if plaintiff files an adequate financial affidavit and is granted leave to proceed in forma pauperis, and this action survives screening.

**SCREENING**

Because plaintiff seeks to proceed in forma pauperis, the litigation process begins with the court screening his complaint. See Lister v. Department of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); McGore v.Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)(In contrast to 28 U.S.C. § 1915A, § 1915(e) is not restricted to actions brought by prisoners)(overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)); Lopez v. Smith[4], 203 F.3d 1122, 1126 (9th Cir. 2000)(Although in forma pauperis provisions in the PLRA were intended to cut down on prisoner lawsuits, § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.).

---

[4] The Ninth Circuit Court of Appeals explained in Lopez:

The PLRA contains several provisions that require district courts to screen lawsuits filed by prisoners and to dismiss those suits sua sponte under certain circumstances. Among these provisions is section 804(a)(5), which is codified as part of the in forma pauperis statute at 28 U.S.C. § 1915(e)(2).

* * *

The other provisions are codified at 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). While section 1915(e) applies to all in forma pauperis complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee. Section 1997e(c) applies to prisoner complaints specifically challenging prison conditions. All three of the provisions direct district courts to dismiss a complaint that fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii)[5] provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief can be granted." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). Under § 1915(e), the district court may screen the complaint prior to service on the defendants, and must dismiss the complaint at any time if it fails to state a claim.[6] Even if it were settled law that § 1915(e) applies only to complaints filed by prison inmates, this court would screen the complaint herein under pre-PLRA case law based upon the prior in forma pauperis statute, 28 U.S.C. § 1915(d).[7]

Having screened the materials filed by plaintiff, the court

---

[5] An SVP is not technically a "prisoner" as defined in the PLRA. It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current in forma pauperis statutes do not apply to in forma pauperis litigants who are not prisoners. Nevertheless, several courts including the Tenth Circuit have applied this subsection which does not refer to prisoners, to suits brought by non prisoners.

[6] 28 U.S.C. § 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be
    granted; or
        (iii) seeks monetary relief against a defendant who
        is immune from such relief.

[7] In Neitzke v. Williams, 490 U.S. 319, 325 (1989), the U.S. Supreme Court noted:

> 28 U.S.C. § 1915(d), the precursor to § 1915(e), was designed largely to discourage the filing of baseless lawsuits, along with the resulting waste of judicial resources, that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under FRCP Rule 11. To this end, the statute grants courts the authority to dismiss a claim based on an indisputably meritless legal theory, and the unusual power "to pierce the veil" of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 324, 327.

concludes that the complaint should be dismissed for reasons that follow. Plaintiff will be given time to show cause why his complaint should not be dismissed. If he does not show sufficient cause within the time provided this action may be dismissed without further notice.

As noted, Mr. Kelner generally cites the Fourteenth Amendment and the Equal Protection Clause as well as the KSVPA. Such conclusory legal statements are not entitled to an assumption of truth.[8] Plaintiff makes no attempt to explain how his confinement at the Ellis County Jail violated either of the constitutional provisions he references.[9] He does not allege that other similarly situated persons, that is ones awaiting trial under the KSVPA, were held elsewhere than a county jail or that his detention in a jail was motivated by any unconstitutional discriminatory animus. He thus has not alleged facts establishing the elements of a denial of equal protection claim. Nor does he allege facts indicating that the finding of probable cause to detain him pending civil trial entered in his case was without due process.

Plaintiff also fails to explain how his jail detention violated a particular provision of the KSVPA[10] or any other Kansas statute. He neither cites nor summarizes any text from a particular Kansas

---

[8] Factual allegations are entitled to an assumption of truth, while "formulaic recitation of the elements" of a constitutional claim are not. Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937 (2009).

[9]

[10] Nor could he, since K.S.A. § 59-29a05(d) expressly provides:

> If the probable cause determination is made, the court shall direct that the person be transferred to an appropriate secure facility, including, but not limited to, a county jail . . . .

Mr. Kelner does not challenge his commitment by claiming that trial was not conducted within the statutory time limit.

5

statute. Thus, plaintiff has not demonstrated that Kansas intended to create substantive federal rights that may be enforced in a private cause of action under § 1983.

The only material facts, as opposed to conclusory statements,[11] alleged in the complaint by Mr. Kelner are that he spent 190 days in the Ellis County Jail for trial under the KSVPA under normal conditions for inmates. These meager facts, accepted as true, do not entitle him to relief under § 1983. Plaintiff does not describe any particular condition at the jail that was unconstitutional or that resulted in personal injury to him. His general statement, that he was not provided conditions available to SVPs after civil commitment, fails without more to evince a plausible federal constitutional violation.

Plaintiff has also failed to allege facts indicating he was subjected to unconstitutional punishment. The Supreme Court has held that, "[d]ue process requires that a pretrial detainee[12] not be punished." Bell v. Wolfish, 441 U.S. 520, 535 (1979). The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the

---

[11] Because plaintiff is proceeding pro se the court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. The court may not supply additional facts not alleged or construct a legal theory on plaintiff's behalf. Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[12] "SVPs" in Kansas, subsequent to their convictions and service of criminal sentences, have been adjudged in a civil proceeding to pose a danger to the health and safety of others and ordered civilly committed as a result. Their rights may not necessarily be coexistensive with those of all other civilly detained persons; however, courts often rely on case law involving other civil detainees as well as pretrial detainees when considering their claims. See e.g. Hydrick v. Hunter, 500 F.3d 978, 990 (9th Cir. 2007), judgment vacated, 129 S.Ct. 2431 (2009).

purpose of punishment or whether it is incident to some other legitimate government purpose. Id. at 538 FN 16. SVPs, like other civil detainees and not unlike jail inmates, are unquestionably subject to security measures reasonably employed by jail and corrections officials. Bell, 441 U.S. at 540; Allen v. Illinois, 478 U.S. 364, 373-74 (1986)(Detainees may "be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished."); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir.), cert. denied, 540 U.S. 985 (2003); Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002). As the Supreme Court explained in Bell, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting . . . ." Bell, 441 U.S. at 540. "Ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." Id. at 561. Plaintiff's detention at the Ellis County jail without unspecified privileges and conditions, is not, without more, unconstitutional punishment and presumably bore "some reasonable relation to the purpose for which persons are committed."[13] See Seling v. Young, 531 U.S. 250, 265 (2001). Mr. Kelner fails to allege any facts from which a jury might find that holding him in the Ellis County Jail was for the purpose of punishment or was an "exaggerated response."

---

[13] The obvious legitimate reason for confining pretrial detainees is to "ensure their presence" at trial. In addition, there "is no doubt that preventing danger to the community is a legitimate regulatory goal." U.S. v. Salerno, 481 U.S. 739, 747-48 (1987). Effective management of a detention facility is also a valid government objective. Bell, 441 U.S. at 540.

7

In short, the mere fact that Mr. Kelner was detained in a county jail under normal conditions does not justify an inference that he was subjected to unconstitutional punishment.[14] The court concludes that the bald legal assertions and sparse facts alleged in support of plaintiff's claim that he was illegally confined in the Ellis County Jail are insufficient to state a federal constitutional violation.

**STATE LAW CLAIMS NOT COGNIZABLE**

Whether plaintiff's confinement in the Ellis County Jail violated the KSVPA or some other state statute was a question for the Kansas courts, and presents no cognizable claim under § 1983. Gaines v. Stenseng, 292 F.3d 1222, 1225 (10th Cir. 2002); see Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit a fully completed motion and affidavit for leave to proceed in forma pauperis on forms provided by the court, and to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Marshal to Serve Summons (Doc. 4) is denied without prejudice.

The clerk is directed to send plaintiff forms for filing a motion to proceed in forma pauperis.

---

[14] Conditions claims of SVPs have also been analyzed under Sandin v. Conner, 515 U.S. 472, 484 (1995), although some courts have held that Sandin is inapplicable. In Sandin, the U.S. Supreme Court held that a State would not be held to have created a liberty interest in a certain condition unless the right provided freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

8

**IT IS SO ORDERED.**

Dated this 16th of July, 2010, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge